**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1759**

PARAMONT COAL COMPANY VIRGINIA, LLC; AIG PROPERTY CASUALTY, CO.,

Petitioners,

v.

SHIRLENE GOODE, Widow of DAVID L. GOODE, Deceased; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board. (17-0352-BLA)

Submitted: July 26, 2019                     Decided: July 31, 2019

Before KING, WYNN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Timothy W. Gresham, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Petitioners. Joseph E. Wolfe, Victoria S. Herman, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia; Kate O'Scannlain, Solicitor of Labor, Kevin Lyskowski, Associate Solicitor, Sean G. Bajkowski, Anne Marie Scarpino, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paramont Coal Co. Virginia, LLC ("Paramont LLC") seeks review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) award of benefits on this claim for miner's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944 (2012) ("the Act"). The miner, David Goode, filed his claim in 2010 and died in 2017, while it was pending before the administrative law judge. His widow, Shirlene Goode, is pursuing the claim on his behalf. There is no dispute that Mrs. Goode is entitled to benefits on this claim—all parties have agreed that Mr. Goode had complicated pneumoconiosis and was therefore irrebuttably presumed to be totally disabled due to pneumoconiosis. *See* 30 U.S.C. § 921(c)(3) (2012); 20 C.F.R. § 718.304 (2018); *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 282 (4th Cir. 2010). The only issue before us is whether the ALJ correctly determined that Paramont LLC is the responsible operator, i.e., the coal mine operator responsible for paying those benefits.

Under the Act and its implementing regulations, any entity that acquires a coal mine operator's business or mines or the assets thereof is a successor operator with respect to miners the prior operator employed and assumes potential liability for those miners' black lung benefits claims. *See* 30 U.S.C. § 932(i) (2012); 20 C.F.R. §§ 725.492(a)-(c), 725.493(b)(1) (2018); *Frontier-Kemper Constructors, Inc. v. Dir., Office of Workers' Comp. Programs*, 876 F.3d 683, 685 (4th Cir. 2017). In cases involving a successor operator, any employment with the prior operator is considered employment with the successor. *See* 20 C.F.R. § 725.493(b)(1).

2

More generally, the regulations define the responsible operator as the "potentially liable operator . . . that most recently employed the miner." 20 C.F.R. § 725.495(a)(1) (2018). There are five criteria that must be met for a coal mine operator to be a potentially liable operator, the first of which is that the miner's disability or death must have arisen at least in part out of his employment at a mine or other facility "during a period when the mine or facility was operated by such operator, or by a person with respect to which the operator may be considered a successor operator." 20 C.F.R. § 725.494(a) (2018). The regulation provides a rebuttable presumption that the miner's disability or death did arise from his employment "with such operator." *Id.*

Mr. Goode's most recent coal mine employment was with Paramont LLC, for whom he worked from 2006 to 2011. Mr. Goode had complicated pneumoconiosis as of May 10, 2006, eight days before he began working for Paramont LLC. In addition, Mr. Goode worked for a company called Paramont Mining Corp. ("Paramont Mining") from 1980 to 1983. Following a hearing, the ALJ reasoned that although Mr. Goode had complicated pneumoconiosis before he began working for Paramont LLC in 2006, Paramont LLC was the responsible operator because it was a successor operator to Paramont Mining. Paramont LLC appealed to the BRB, which affirmed the ALJ's determination.

Paramont LLC timely petitioned for review. Although we are deferential in our review of an ALJ's factual findings—leaving the weighing of the evidence to the ALJ and asking only whether substantial evidence supports his or her findings—we review the ALJ's and the BRB's conclusions of law de novo. *See Frontier-Kemper Constructors,*

3

*Inc.*, 876 F.3d at 687. We have thoroughly reviewed the record and the relevant legal authorities and conclude that the ALJ's factual findings are supported by substantial evidence and that the ALJ's and the BRB's legal conclusions are not erroneous.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*